## Hoy et ux. v. Keystone Power Corporation.

*Eminent domain—Power companies—Construction of poles—Damages—Excessive amount.*

1. Damages to the amount of $4500 are excessive against a power company because of the planting of sixteen poles across a farm covering a distance of less than half a mile, with the wires thereon strung twenty-five feet above the surface of the ground.

2. In such case, witnesses should not be permitted to take into consideration in determining the damages the depreciation of the value of the farm because of danger by fire to the buildings and the danger to human life, livestock and crops because of broken wires and the like.

Appeal from award of viewers. C. P. Centre Co., Sept. T., 1924, No. 111.

*Spangler & Walker,* for plaintiffs; *Orvis & Zerbe,* for defendant.

POTTER, P. J., 17th judicial district, specially presiding, Sept. 28, 1925.— This case was tried before the Hon. Henry C. Quigley, the then President Judge of this court, shortly before his sudden and lamented death, before a jury, who rendered a verdict for the plaintiff in the sum of $5250. Reasons for a new trial were duly filed and a rule therefor was taken out, which the writer hereof was requested to hear because the Hon. Arthur C. Dale, the successor of Judge Quigley, was concerned at the trial as one of the counsel for the defendant.

Not having presided during the trial of the case, we must gather all our information relative to it from the records.

These plaintiffs were the owners of a farm of approximately 138 acres, located in the Township of Benner, which it is admitted was in a high state of cultivation. That subsequent to the 12th day of June, 1923, the defendant, by virtue of its corporate powers, erected a line for the transmission of its electrical current across the farm and through the fields of the plaintiffs, planting therefor sixteen poles, which were from 170 to 175 feet apart, covering a distance of 2810 feet, stringing thereon the necessary wires, which were about twenty-five feet above the surface of the ground. The proper legal steps appear to have been taken by the defendant to enable it to construct this line.

On application being made to court, viewers were appointed, who assessed the damages of the plaintiffs, by reason of the construction of this line, at the sum of $4500, from which award an appeal was taken, as hereinbefore stated.

A number of reasons for a new trial were filed; the one to which we shall specially address ourselves complains that the verdict is excessive. We have read over all the testimony and all the files in the case, and we are of the opinion that this point is well taken.

Hoy et ux. *v.* Keystone Power Corporation.

It seems to us highly improbable that by the planting of sixteen poles through this farm, which the plaintiffs estimate as being worth $20,000, and other witnesses much less, could be damaged to a sum of over one-fourth of its value by the erection of this line, covering a distance of 2810 feet, less than a half a mile.

Then, also, the damages awarded should be based upon the actual damage done to the property of these plaintiffs and not on what might occur in the future. In reading over the testimony, we note that some of the witnesses took into consideration, in fixing the damages, the depreciation of the farm because of danger by fire to the buildings, danger to human life, livestock and to crops, because of broken wires and the like. These items are, at best, purely speculative. They may never happen, in which event this defendant will have paid for things that have not occurred.

Should loss occur by reason of any of these items, full reparation must be made therefor, and can be enforced by legal remedy. We think this evidence should not have been permitted to have gone to the jury. It may have been an important factor in determining the amount of the verdict. And with the improved means of caring for electric lines, there is a strong probability of their non-occurrence.

We think the verdict is excessive and that the case should be retried. In view of our disposition of this reason, we deem it useless to enter into a discussion of the other ones.

And now, to wit, Sept. 28, 1925, the rule is made absolute, the verdict of the jury is set aside and a new trial is directed.